

```
                                                    ┌─────────────────────────┐
                                                    │ USDC SDNY               │
                                                    │ DOCUMENT                │
                                                    │ ELECTRONICALLY FILED    │
                                                    │ DOC #:_____ │
                                                    │ DATE FILED: __6/6/2025__│
                                                    └─────────────────────────┘
```

**LINDA WONG**
Member of NJ, PA, NY, VA, GA and DC Bars

lwong@wongfleming.com

May 30, 2025

**VIA ECF**
Hon. Barbara Moses, U.S.M.J.
U.S. District Court for the
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 740
New York, NY 10007

# MEMO ENDORSED

>    Re:    **Sandoz Inc. v. Kesin Pharma Corporation,**
>           **Case No. 1:24-cv-8877**
>           **Request for Pre-Motion Conference Pursuant to S.D.N.Y. R. 37.2**

Dear Judge Moses:

    We represent Plaintiff Sandoz Inc. in the above-referenced matter. Pursuant to Local Civil Rule 37.2 and Your Honor's Individual Practices, we respectfully request a pre-motion conference to obtain leave to file a motion to compel discovery from Defendant Kesin Pharma Corporation.

    On March 20, 2025, Plaintiff served its First Set of Request for Admissions, Interrogatories, and Requests for Production of Documents on Defendant, by both electronic and first-class mail. Defendant's responses to interrogatories were due on April 21, 2025, and its responses to the request for production of documents and request for admissions were due on April 25, 2025. On April 23, 2025, Plaintiff contacted Defendant and indicated that his responses to interrogatories were due on April 21 and that his responses to the document requests were due on April 25. Plaintiff also indicated that it needed an extension to provide responses to Defendant's document requests, and Defendant indicated he needed additional time to respond but failed to provide a date his responses would be provided.

    On April 29, 2025, Plaintiff sent another email to Defendant and stated that it was not inclined to file a premotion letter or ask for a conference on discovery and requested when Defendant's responses would be provided. On April 30, 2025, Defendant sent an email to Plaintiff stating that his responses would be provided a week from April 30. On May 1, Plaintiff indicated that the retrieval of information was taking some time and that we expected to provide

821 ALEXANDER ROAD, SUITE 200 ♦ P.O. BOX 3663 ♦ PRINCETON, NJ 08543-3663
TEL: (609) 951-9520 ♦ FAX: (609) 951-0270
**WWW.WONGFLEMING.COM**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ ILLINOIS ♦ INDIANA ♦ MICHIGAN
NEW JERSEY ♦ NEW YORK ♦ PENNSYLVANIA ♦ TENNESSEE ♦ TEXAS ♦ WASHINGTON

ATTORNEYS ADMITTED SOLELY N THE JURISDICTION WHERE LISTED OFFICE IS LOCATED, UNLESS OTHERWISE NOTED



the responses in two weeks, and requested that all responses be provided by May 9, 2025 and Plaintiff would supplement its document production by May 16. Defendant agreed to this extension. On May 9, Plaintiff indicated that they were close to providing all documents and confirmed they would be provided either on May 9 or the following week. Defendant agreed to provide the responses either on May 9 or the following week. On May 23, 2025, Plaintiff provided its response to the document request served on it by Defendant.

On May 28, 2025, at approximately 11:15 a.m., counsel participated in a Zoom call with counsel for Defendant and the Third-Party Defendant. During that meeting, Plaintiff reminded Defendant's counsel that discovery responses remained outstanding. Counsel assured Sandoz that responses would be provided by the close of business on Friday, May 30, 2025. I advised him that if discovery was not received by then, we would move to compel enforcement. Despite this representation and the prior email correspondence regarding the same, Defendant has failed to produce the outstanding discovery or offer any explanation for the continued delay.

No extension was ever sought or granted concerning Defendant's responses to Plaintiff's Requests for Admission. As such, Defendant's failure to respond within the prescribed timeframe renders the admissions admitted under Fed. R. Civ. P. 36(a)(3).

Plaintiff respectfully requests that the Court schedule a pre-motion conference in connection with Plaintiff's request for leave to file a motion to compel discovery under 37(a)(3)(B).

We thank Your Honor for her attention to this matter and are available at the Court's convenience.

Respectfully submitted,

WONG FLEMING, P.C.

/s/ Linda Wong
Linda Wong

---

Plaintiff having requested a discovery conference by letter-motion, and defendant having failed to file a timely response, *see* Moses. Ind. Prac. § 2(e), it is hereby ORDERED that Judge Moses will hold a telephonic conference on **June 12, 2025, at 11:00 a.m.** A few minutes before the conference, the parties must call (855) 244-8681 and enter the access code 2314 181 4376#. SO ORDERED.

_____
Barbara Moses
United States Magistrate Judge
June 6, 2025

2