# WONG FLEMING

## ATTORNEYS AT LAW

**LINDA WONG**
Member of NJ, PA, NY & Wash, DC Bars

lwong@wongfleming.com

April 14, 2026

**VIA ELECTRONIC FILING**
Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 660
New York, NY 10007

> **Re:**   ***Sandoz Inc. v. Kesin Pharma Corporation, et al.,***
> **Docket No. 1:24-cv-08877-JPC-BGM**

Dear Judge Cronan:

We represent Plaintiff Sandoz Inc. ("Sandoz"), in connection with the above captioned matter. We are writing in accordance Fed. R. Civ. P. 5.2, Section 4 of with Your Honor's Individual Rules and Practices in Civil Cases, and the confidentiality order entered on February 4, 2025, by the Hon. Barbara Moses as to documents that were filed under seal conditionally subject to Your Honor's approval.  We have conferred with the other parties in this action, and determined that we will no  longer seek to seal these documents, except for Exhibit B, attached to the Certification of Ian Ball, Global Head of Anti-Infectives and Business-to-Business at Sandoz AG, which is an internal capital allocation report that qualifies as confidential business information. *Mosallem v. Berenson*, 905 N.Y.S.2d 575, 580 (App. Div. 2010) (internal citations omitted).  Thus, we are seeking the Court's approval to seal this one document and with the Court's approval, file the remaining documents on Pacer.

In accordance with the Court's Order, dated April 13, 2026, the briefing schedule for Sandoz and Third-Party Defendant Narasimhan Mani's respective motions for summary judgment has been extended so that Defendant/Third-Party Plaintiff Kesin Pharma Corporation's opposition to Sandoz's motion and Mani's Motion for Summary Judgment are not due to be filed until April 22, 2026.  Sandoz seeks to file its previously sealed documents on Pacer before that due date.

This Court may seal confidential proprietary documents of a party for "good cause." 22 NYCRR § 216.1; *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Federal courts have consistently recognized that where disclosure poses a significant risk of competitive harm, that risk outweighs the general interest in public access to judicial filings. The limited material Sandoz seeks to file under seal was produced pursuant to a confidentiality order agreed to by the parties and entered by the Court. Sandoz seeks only to maintain Exhibit B, as listed above, under seal because it contains proprietary business information, the disclosure of which would create a serious risk of competitive harm.

Specifically, the document is a PDF copy of a Cost Allocation Review analysis ("CAR") which is an internal document shared with Sandoz's decision makers for purposes of evaluating

1177 SIXTH AVENUE  ⬥  5TH FLOOR  ⬥  NEW YORK, NY 10036
TEL: (212) 643-9668  ⬥  FAX: (212) 643-9640
**WWW.WONGFLEMING.COM**

CALIFORNIA  ⬥  DISTRICT OF COLUMBIA  ⬥  FLORIDA  ⬥  GEORGIA  ⬥  IDAHO  ⬥  INDIANA  ⬥  MARYLAND
MICHIGAN  ⬥  NEVADA  ⬥  NEW JERSEY  ⬥  NEW YORK  ⬥  OREGON  ⬥  PENNSYLVANIA  ⬥  TEXAS  ⬥  WASHINGTON

ATTORNEYS ADMITTED SOLELY IN THE JURISDICTION WHERE LISTED OFFICE IS LOCATED, UNLESS OTHERWISE NOTED



and approving proposed transactions before it proceeds with a contract. The Exhibit contains the company's projection for revenue, lost profits and capital gain for the operative period of the contract at issue. Although the calculations leading to the final figures are truncated for efficiency, it still contains confidential information, including the projected revenue of the contract over time. The disclosure of this information would allow Plaintiff's competitors to gain access to non-public information regarding its profit analysis which could be used to injure Plaintiff's competitive advantage in the marketplace. Disclosure of the confidential content would impinge upon Sandoz's interest in maintaining the confidentiality of its business analysis. This type of confidential business information is properly protected from public disclosure through sealing. The New York courts have recognized that the sealing of documents may serve compelling objectives, such as when the need for secrecy outweighs the public's right to access, e.g., in the case of trade secrets." *Applehead Pictures LLC v. Perelman*, 913 N.Y.S.2d 165, 174 (App. Div. 2010) (*see Danco Labs. v. Chemical Works of Gedeon Richter*, 274 AD2d 1, 6-7, 711 NYS2d 419 [2000]).

Further, the public has no legitimate interest in access to this document because this action involves a straightforward breach-of-contract dispute between two private entities and raises no issues of public concern, public safety, or breach of the public trust. *Crain Communs., Inc. v. Hughes*, 521 N.Y.S.2d 244, 245 (App. Div. 1987).

Pursuant to Rule 4 (B)(i) of Your Honor's Individual Practice Rules, we have conferred with counsel for Defendant/Third-Party Plaintiff Kesin and Third-Party Defendant Mani, and both parties have provided their respective consent to file this single document under seal.

Accordingly, we respectfully request that the Court grant this request.

Thank you for Your Honor's consideration of this matter.

Respectfully yours,

**WONG FLEMING PC**

Linda Wong

cc: Edward G. Baily, Esq. (*via electronic court filing*)
    Jocelyn Jacobson, Esq. (*via electronic court filing*)

LW/JEA
26650008

The instant request is granted. For the reasons stated in Plaintiff's letter requesting the sealing of Docket Number 89, Exh.2, *see* Dkt. 102, the Court finds the requested continued sealing of that document appropriate. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Plaintiff shall file all other documents associated with its summary-judgment motion previously sealed as confidential on the public docket by April 20, 2026. The Clerk of Court is respectfully directed to close Docket Number 102.

SO ORDERED.
Date: April 15, 2026
New York, New York

JOHN P. CRONAN
United States District Judge