JACOBSON DECL.

EXHIBIT 58

## SETTLEMENT AGREEMENT AND RELEASE

**THIS AGREEMENT** ("Agreement") is made as of the 27th day of October, 2025, by and between Kesin Pharma Corporation, a Florida corporation ("**Kesin**"), on the one hand; and Scienture Holdings, Inc., a Delaware corporation ("**Scienture Holdings**," and together with Kesin, the "**Parties**"), on the other hand.

## W I T N E S S E T H:

**WHEREAS**, on March 11, 2025, Kesin commenced a lawsuit against Scienture, Inc. ("**Scienture**") titled *Kesin Pharma Corporation v. Scienture, Inc.*, Case No. 2:25-cv-01386 JMA LGD (the "**Action**"), in the United States District Court for the Eastern District of New York (the "**Court**");

**WHEREAS**, on or about July 26, 2024, before the Action was commenced, Scienture and TRxADE Health, Inc. ("**TRxADE**") completed a merger transaction whereby TRxADE acquired Scienture and was renamed Scienture Holdings, Inc., and Scienture, LLC was formed as a limited liability company and replaced Scienture (the "**Merger**");

**WHEREAS**, Scienture, LLC is a wholly-owned subsidiary of Scienture Holdings, and the sole member of Scienture, LLC is Scienture Holdings;

**WHEREAS**, on June 18, 2025, counsel for Scienture filed a letter with the Court to arrange a pre-motion conference concerning Scienture's anticipated motion, pursuant to Fed. R. Civ. P 12(b)(1), to dismiss the Action for lack of subject-matter jurisdiction;

**WHEREAS**, on June 25, 2025, counsel for Kesin filed a letter with the Court in response to Scienture's pre-motion letter;

**WHEREAS**, on October 1, 2025, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), counsel for Kesin filed a Notice of Voluntary Dismissal with the Court, voluntarily dismissing the Action without prejudice, and the Court issued a follow-on order dismissing the case;

WHEREAS, counsel for Kesin has advised counsel for Scienture of its intention to re-institute the Action by filing a substantially similar Complaint in the Supreme Court of the State of New York, County of Suffolk; and

WHEREAS, the Parties wish to enter into this Agreement to avoid the further risk, cost, time, and distraction of litigation;

NOW, THEREFORE, in consideration of the mutual covenants and conditions contained herein, and other good and valuable consideration the sufficiency of which is hereby acknowledged by the Parties, the Parties enter into this Agreement and agree as follows:

## 1. Settlement Terms

(a)    **Settlement Amount and Payments**. Scienture Holdings acknowledges, agrees, and hereby consents to pay Kesin the amount of $███████████████ ███████████████████████ in the sum of $██████ (the "**Settlement Amount**"), totaling ████████████████ ██████████████ Dollars ($████████), in the following installments (each a "**Settlement Payment**" or "**Payment**," and collectively, the "**Settlement Payments**" or "**Payments**"):





Scienture Holdings shall make all Payments via wire transfer using the following instructions unless otherwise instructed in writing by Kesin or its counsel:

ABA: ▉
Bank Name: Bank of America, N.A.
(NC) Account #: ▉
Account Name: Jeffrey Mark Sherman, Attorney Trust Account
Please reference: Kesin

    **(b)** **Payment Default.** A "**Payment Default**" hereunder is defined as Scienture Holdings' failure to make any **Settlement** Payment within fifteen (15) days after delivery of a written demand from Kesin or its counsel for such amount (a "**Demand**") by any means described in Paragraph 10 below. In the event of a Payment Default that is not cured within fifteen (15) days after delivery of such a written demand, the full Settlement Amount ($▉) shall become immediately due and payable from Scienture Holdings, without presentment or notice, plus interest from the date of Payment Default at eight percent (8%) per annum.

## 2. Confession of Judgment

    Scienture Holdings will execute a confession of judgment in the form attached hereto as Exhibit A, which will be held in escrow by Kesin's counsel. Upon Scienture Holdings' timely payment of the Settlement Amount, Kesin's counsel shall return the confession of judgment to Scienture Holdings' counsel. The confession of Judgment may be entered and enforced by Kesin in the event of a Payment Default, but only to the extent of Scienture Holdings' unpaid obligations under this Agreement.

3. **Mutual Releases**

(a)    **Kesin's Release**. Kesin, on behalf of itself, its predecessors, successors, affiliates, and assigns, and its past, present, and future agents, representatives, assigns, and successors-in-interest (collectively, the "**Kesin Releasors**"), hereby fully and forever unconditionally release and discharge Scienture Holdings, together with its respective subsidiaries, divisions (including but not limited to TRxADE, Scienture, LLC, and Scienture, Inc.), insurers, officers, directors, shareholders, members, partners, principals, employees, consultants, heirs, executors, administrators, affiliates, successors and assigns, past, present, and future (collectively, the "**Scienture Holdings Releasees**") from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty, or equity, which against the Scienture Holdings Releasees, that any of the Kesin Releasors ever had, now has, or hereafter can, shall, or may have, for, upon, or by reason of any matter, cause or thing whatsoever, including, but not limited to, any action relating to the facts or events that were alleged or could have been alleged in the Action. Notwithstanding any release contained in this section does not relieve the Scienture Holdings Releasees from its obligation in this Settlement.

(b)    **Scienture Holdings' Release**. Scienture Holdings, together with its respective subsidiaries, divisions (including but not limited to TRxADE, Scienture, LLC, and Scienture, Inc.), insurers, officers, directors, shareholders, members, partners, principals, employees, consultants, heirs, executors, administrators, affiliates, successors and assigns, past, present, and future (collectively, the "**Scienture Holdings Releasors**") hereby fully and forever unconditionally release and discharge Kesin, on behalf of itself, its predecessors, successors,

4

affiliates, and assigns, and its past, present, and future agents, representatives, assigns, and successors-in-interest (collectively, the "**Kesin Releasees**") from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty, or equity, which against the Kesin Releasees the Scienture Holdings Releasors, ever had, now has, or hereafter can, shall, or may have, solely related to the commencement or prosecution of the Action.

4.     **Sophisticated Parties**.  The Parties acknowledge that they are sophisticated parties who are entering into this Agreement by their own choice and free will without any undue influence, harassment and/or coercion by anyone.

5.     **Independent Counsel**.  Each Party hereto acknowledges and agrees that it has been represented by independent counsel of its own choice throughout all negotiations preceding the execution of this Agreement, and that it has considered the advice of said independent counsel prior to executing this Agreement.

6.     **No Reliance**.  Each Party represents and warrants to the other that it has not relied upon any representation or warranty, express or implied, in entering into this Agreement except those which are expressly set forth herein.

7.     **Notice**.  Any notices or communications contemplated hereunder shall be sent to the following addresses by nationally recognized overnight courier, which shall be deemed delivered on the following day after mailing, and by email, which shall be deemed delivered on the day sent:

If to Kesin:

Jeffrey Mark Sherman, Esq
3874 Tampa Road
Oldsmar, Fl. 34677
shrmlw@cs.com

If to Scienture Holdings:

Erik S. Groothuis
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
egroothuis@schlamstone.com

**8.**    **Confidentiality**.  This Agreement and its terms shall be kept confidential and shall not be disclosed, except: (i) as required by any statute, law, rule or regulation, judicial process or other compulsory process, (ii) to the Parties' officers, directors, employees, shareholders, members, managers, attorneys, accountants, independent or internal auditors and/or tax advisors having a need to know same, and then only on a confidential basis, (iii) for any required filing, submission, communication, correspondence or proceeding with any federal, state or local taxing authority, (iv) in connection with the enforcement of the Parties' rights or obligations hereunder, or (v) to any other person upon the express written consent of all Parties.

9.    **Non-Incitement of Claims Against Scienture.**  Kesin represents and agrees that it has not and will not assert or initiate, and has not and shall not encourage or incite any other person to assert or initiate, any complaint, claim, or charge or to initiate any legal, regulatory, or criminal proceeding against Scienture Holdings, TRxADE, Scienture, or Scienture, LLC regarding any of the matters raised in the Action.  Kesin acknowledges that any incitement of others to take any such action would constitute a material breach of this Agreement.

10.    **Remedies and Enforcement**.

(a)    In the event of a breach of any of the material terms set forth in this Agreement, the Parties agree that money damages would not afford an adequate remedy and that the Party against whom the breach occurs shall be entitled to seek a temporary or permanent

6

injunction or other equitable relief against such breach, as well as the remedy of specific performance.

**(b)** In the event of a breach of any of the material terms set forth in this Agreement, the breaching party shall be responsible for payment of all reasonable attorneys' fees, costs, and expenses incurred by the non-breaching party in the course of enforcing the Agreement's terms.

**(c)** The remedies provided for in this Paragraph 10 are cumulative.

**(d)** No provision of this agreement shall be construed to preclude any Party from bringing any claim, including a claim for injunctive relief, to enforce the obligations of the Parties under this Agreement.

11. **Non-Admission**. This Agreement is a result of a compromise and shall never be construed as an admission by Scienture Holdings, TRxADE, Scienture, or Scienture, LLC of wrongdoing, violation of law, or an admission of liability on the part of Scienture Holdings or its respective predecessors, successors, assigns, parents, subsidiaries, affiliates, attorneys, officers, directors, or employees (including but not limited to TRxADE, Scienture, and Scienture, LLC). To the contrary, Scienture Holdings expressly denies any such wrongdoing, violation, or liability.

12. **Entire Agreement**. This Agreement is the entire agreement among the Parties relating to the subject matter hereof and supersedes any and all prior representations, negotiations and/or oral agreements relating thereto. This Agreement may not be changed or modified unless memorialized by a written document signed by the Parties or their authorized attorneys.

13.    **Choice of Law; Venue**. This Agreement shall be binding upon the Parties, their successors and assigns, and shall be interpreted, construed and enforced in accordance with the laws of the State of New York without reference to its choice of law rules. The Parties further agree that any action arising out of or relating to this Agreement, including any action to enforce its terms, shall be brought in a state or federal court in the State of New York, County of Suffolk. The Parties irrevocably consent to the personal jurisdiction of such courts for any such action and irrevocably waive any objection to venue or jurisdiction of such courts for any such action.

14.    **No Rule of Construction**. This Agreement is to be construed fairly and not in favor of or against any Party, regardless of which Party or Parties drafted or participated in the drafting of its terms. Any rule of construction that a document is to be construed against the drafting party shall not be applicable to this Agreement.

15.    **Severability**. If any portion of this Agreement is held to be invalid or unenforceable for any reason, the remaining covenants shall remain in full force and effect to the maximum extent permitted by law.

16.    **Authority to Sign**. The Parties warrant and represent that this Agreement has been duly authorized, executed, and delivered by the Parties. Each individual signing this Agreement warrants and represents that they have full authority to execute this Agreement on behalf of the Party on whose behalf they so signed, and that they are acting in the course and scope of such authority and are duly authorized to execute this Agreement.

17.    **Effective Date**. This Agreement shall become effective upon its execution by or on behalf of all Parties.

8

18.    **Counterparts**. This Agreement may be signed in counterparts, each of which shall be deemed a part of the entire Agreement and shall be valid and binding upon the signatory when combined with the fully signed other counterparts. Copies or facsimiles or electronically executed signatures shall be considered as original executed signature pages for the purposes of this Agreement.

**SCIENTURE HOLDINGS, INC.**

By: _____
Name:  Shankar Hariharan, Ph.D.
Title:  Executive Chairman and Co-Chief Executive Officer

Dated: Oct 27 _____ , 2025

**KESIN PHARMA CORPORATION**

By: _____
Name:  Adam Schoenbaum
Title:   President

Dated: _____ , 2025

9

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**

### CONFESSION OF JUDGMENT

**Plaintiff: KESIN PHARMA CORPORATION**
**Defendant: SCIENTURE HOLDINGS, INC.**
**Index No.:** _____

## DEFENDANT'S STATEMENT UNDER CPLR §3218

1. **Defendant's Name and Address:**

   **SCIENTURE HOLDINGS, INC.**
   **20 AUSTIN BLVD.**
   **COMMACK, NY 11725**

2. **Amount Confessed:**
   The defendant hereby confesses judgment and authorizes the entry of judgment against it in the sum of $█████████████████████████████████ ███████████████ and legal fees, costs and disbursements in the amount of $███████████, totaling $█████████

3. **County Designated for Entry:**
   This confession of judgment may be filed in the County of Suffolk, State of New York, and judgment entered therein.

4. **Facts Out of Which the Debt Arose:**
   This confession of judgment is for a debt justly due to the plaintiff arising from the following facts: A termination of licensing deals in exchange for the return of payments made for the license totaling $█████████, and a subsequent settlement agreement providing for a payment schedule to resolve the dispute. Plaintiff to provide Defendant credit for any payments made by statement of Plaintiff's counsel prior to the entry of judgment.

5. **Statement That the Debt Is Justly Due:**
   This debt is justly due to the plaintiff, and this confession is made for no purpose of fraud or delay.

**DEFENDANT: SCIENTURE HOLDINGS, INC.**

**Defendant's Signature:** _____
**Print Name:** Shankar Hariharan, Ph.D.
**Title:** Executive Chairman and Co-Chief Executive Officer

**Dated:** _____10/27/2025_____

10

## ACKNOWLEDGMENT

State of New York    ) ss.:
County of Suffolk    )

On the 27th day of October, 2025, before me, the undersigned, personally appeared ___Shenkar Hariharan___, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to this instrument and acknowledged that he/she executed the same.

_____
Notary Public, State of New York
Commission No.: _____
My Commission Expires: 07|12|29

**Attorney for Defendant:**
Erik S. Groothuis
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
egroothuis@schlamstone.com

11